## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS INDENTURE TRUSTEE OF THE AAMES MORTGAGE INVESTMENT TRUST 2005-1, | § § § § § | |
| Plaintiff, | § | Civil Action No. 6:22-cv-00530 |
| v. | § § § | |
| TODD ANDREWS, REBECKA ANDREWS, | § § § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Deutsche Bank National Trust Company, as Indenture Trustee of the Aames Mortgage Investment Trust 20005-1 ("Plaintiff" or "Deutsche"), complains of Todd Andrews and Rebecka Andrews, Defendants, files this *Original Complaint*, and states as follows:

### I.   PARTIES

1. Plaintiff is appearing through the undersigned counsel.

2. Defendant Todd Andrews is an individual and may be served with process at 1014 La Vega Street, Waco, Texas 76705-2912, or at such other place as he may be found. Summons is requested.

3. Defendant Rebecka Andrews is an individual and may be served with process at 5901 Edmond Ave., Apt. 106, Waco, Texas 76710-4307, or at such other place as she may be found. Summons is requested.

## II. PROPERTY

4. This proceeding concerns the following real property and improvements commonly known as 1014 La Vega Street, Waco, Texas 76705-2912, more particularly described as:

> BEING LOT 18, BLOCK 10 OF HARDEE HOGAN SUBDIVISION, TO THE CITY OF WACO, MCLENNAN COUNTY, TEXAS, AS PER PLAT RECORDED IN VOLUME 456, PAGE 76 OF THE MCLENNAN COUNTY DEED RECORDS. (the "Property").

## III. DIVERSITY JURISDICTION AND VENUE

5. This Court has jurisdiction over the controversy because there is complete diversity between Plaintiff and Defendants, and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332.

6. Deutsche is the trustee of a trust. If a trustee possesses "customary powers to hold, manage, and dispose of assets," then it is the real party in interest to a suit. *Navarro Sav. Assoc. v. Lee*, 446 U.S. 458, 464 (1980); *see U.S. Bank N.A. v. Nesbitt Bellevue Prop. LLC*, 859 F. Supp. 2d 602, 606 (S.D.N.Y. 2012). When a trustee is the real party in interest, its citizenship—not the citizenship of the beneficiaries of the trust—controls for purposes of diversity jurisdiction. *Navarro*, 446 U.S. at 464–66. A national banking association is considered a citizen of the state in which it is located. 28 U.S.C. § 1348. Its location is determined by the state of its main office, as established in the bank's articles of association. *Wachovia Bank, NA v. Schmidt*, 546 U.S. 303, 318 (2006). According to its articles of association, Deutsche Bank has its main office in California. *See Lewis v. Deutsche Bank Nat'l Tr. Co.*, No. 3:16-CV-133, 2017 U.S. Dist. LEXIS 57025, at *9 (S.D. Tex. Apr. 13, 2017). Therefore, Deutsche Bank is a citizen of California for diversity purposes.

7. Defendants are individuals and citizens of the state of Texas.

8. Court has jurisdiction over the controversy under 28 U.S.C. Section 1332 because the amount in controversy exceeds $75,000.00. In this suit, Plaintiff seeks a declaratory judgment to foreclose on real property. Because the property is valued at more than $75,000.00, the minimum amount-in-controversy requirement has been met. When the object of the litigation is a mortgage lien that entitles its owner to the full use and enjoyment of the property, the lien may be measured by the appraised value of the property, the purchase price, or the outstanding principal and interest. *Cf. Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013).

9. When a party seeks declaratory relief, the amount in controversy is measured by the value of the object of the litigation, and the value of that right is measured by the losses that will follow. *Webb v. Investacorp, Inc.*, 89 F.3d 252, 256 (5th Cir.1996). Stated differently, the amount in controversy is "the value of the right to be protected or the extent of the injury to be prevented." *Hartford Ins. Grp. v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)); *see also Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013).

10. Here, the value of the right to be protected is enforcement of mortgage contract through foreclosure. If Plaintiff were to foreclose on the Property, it would be entitled to either the full use and possession of it, or the proceeds of a foreclosure sale. But if Plaintiff is unable to foreclose, it may be entirely divested of any interest in the Property. Thus, rights to the entirety of the property are in question, and the value of the property controls. And the value of the Property described below exceeds $75,000.00. The McLennan County Appraisal District values the Property at $111,640.00 in excess of the jurisdictional minimum. Therefore, Plaintiff meets the amount-in-controversy requirement.

11. Venue is proper in the Western District of Texas, Waco Division, because this suit concerns title to real property located in McLennan County, Texas. *See* 28 U.S.C. §§ 124, 1391(b)(2).

### IV. FACTS

12. The foregoing paragraphs are incorporated by reference for all purposes.

13. On or about January 26, 2005, Defendant Todd Andrews executed certain Texas Home Equity Adjustable Rate Note in the principal amount of $38,400.00 ("Note"), originally payable to Aames Funding Corp., dba Aames Home Loan ("Aames") and bearing interest rate of 8.505% per annum. A true and correct copy of the original Note is attached hereto as **Exhibit A**.

14. Concurrently with the execution of the Note, Todd Andrews and Rebecka Andrews ("Borrowers") executed a Texas Home Equity Security Instrument (First Lien) (the "Security Instrument" and together with the Note, the "Loan Agreement"), as grantor, granting Aames, its successors and assigns, a security interest in the Property. The Security Instrument was recorded in the official public records of McLennan County, Texas, under instrument number 2005009824. A true and correct copy of the Security Instrument is attached hereto as **Exhibit B**.

15. The Note was indorsed in blank by Aames and there have been no other endorsements or allonges. **See Exhibit A.** Plaintiff has physical possession of the Note and is the current owner of the Note.

16. Under the terms of the Loan Agreement, Borrowers were required to pay when due the principal and interest on the debt evidenced by the Note, as well as any applicable charges and fees under the Note.

17. The Loan Agreement further provides that should Borrowers fail to make payments on the Note as they became due and payable or fail to comply with any or all of the

covenants and conditions of the Security Instrument, that the lender may enforce the Security Instrument by selling the Property according to law and in accordance with the provisions set out in the Loan Agreement.

18. Borrowers have failed to make the payments under the terms of the Loan Agreement. The Loan Agreement is currently due for the February 1, 2021, payment and all subsequent monthly payments. Notice of default and request to cure was mailed to Borrowers in accordance with the Loan Agreement and with section 51.002 (d) of the Texas Property Code on March 2, 2022. A true and correct copy of the Notice of Default is attached hereto as **Exhibit C**. The default was not cured, and the maturity of the debt has been accelerated by a Notice of Acceleration of Loan Maturity issued on April 20, 2022. A true and correct copy of the Notice of Acceleration of Loan Maturity is attached hereto as **Exhibit D**.

19. Plaintiff brings this suit for declaratory judgment and foreclosure so it may enforce its security interest in the Property.

### V.   CAUSE OF ACTION: DECLARATORY JUDGMENT

20. The foregoing paragraphs are incorporated by reference for all purposes.

21. Plaintiff has standing to enforce the Security Instrument as holder and owner of the Note. *Hardaway v. Select Portfolio Servicing, Inc.*, No. 4:18-CV-1062, 2020 U.S. Dist. LEXIS 63172 at *8 (S.D. Tex. Apr. 10, 2020) (citing *Everbank v. Seedergy Ventures, Inc.*, 499 S.W.3d 534, 541 (Tex. App.—Houston [14th Dist.] 2016, no pet.)) Plaintiff requests a declaration from this Court that, as the owner and holder of the Note it has standing and is authorized under the Security Instrument to enforce the power of sale contained in the Security Instrument through a non-judicial foreclosure of the Property.

22. Plaintiff has been forced to hire the undersigned attorneys to seek a declaratory judgment as a result of the Defendants' failure to comply with the Loan Agreement. Plaintiff is

therefore entitled to its reasonable attorney's fees in this action, both through trial and in the event of a subsequent appeal, as provided by the Security Instrument signed by the Defendants. Plaintiff requests that the award of attorney's fees be made not as a money judgment against the Defendants, but as further obligation under the subject Note and Security Instrument.

## VI. CAUSE OF ACTION: NON-JUDICIAL FORECLOSURE

23. The foregoing paragraphs are incorporated by reference for all purposes.

24. As the current owner and holder of the Note who has the right to enforce the Note and the Security Instrument, Plaintiff asserts a cause of action for non-judicial foreclosure against Defendants. The Loan Agreement is a contract, and Plaintiff fully performed its obligations under it. Borrowers, however, did not comply with the Loan Agreement by failing to substantially perform material obligations required under its terms (principally, the payment of amounts due under the contract, among others). Therefore, Plaintiff seeks a judgment allowing it to foreclose on the Property in accordance with the Security Instrument and Texas Property Code § 51.002.

25. Plaintiff has been forced to hire the undersigned attorneys to seek a declaratory judgment as a result of the Defendants' failure to comply with the Loan Agreement. Plaintiff is therefore entitled to its reasonable attorney's fees in this action, both through trial and in the event of a subsequent appeal, as provided by the Security Instrument signed by the Defendants. Plaintiff requests that the award of attorney's fees be made not as a money judgment against the Defendant, but as further obligation under the subject Note and Security Instrument.

## VIII. CONDITIONS PRECEDENT

26. The foregoing paragraphs are incorporated by reference for all purposes.

27. All conditions precedent for foreclosure have been performed or have occurred, and any other action required under applicable law and the loan agreement, contract, or lien sought to be foreclosed has been performed.

## IX. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendants Todd Andrews and Rebecka Andrews be summoned to appear and answer, and that upon final hearing, the Court enter judgment granting declaring that (1) Plaintiff is the owner and holder of the Note, (2) Borrowers are in default on their obligations on the Loan Agreement, (3) Plaintiff as the owner and holder of the Note has standing and is authorized to enforce the power of sale through non-judicial foreclosure of the Property pursuant to the terms of the Loan Agreement and Texas Property Code § 51.002, or alternatively, by judicial foreclosure. Plaintiff further requests attorneys' fees and costs of suit, not as a money a judgment against Defendants, but as further obligation under the subject Note and Security Instrument, and all other relief, in law and in equity, to which Plaintiff is entitled.

Respectfully submitted,

By: */s/ Mark Cronenwett*
**MARK D. CRONENWETT**
Attorney in Charge
Texas Bar No. 00787303
mcronenwett@mwzmlaw.com

**VIVIAN N. LOPEZ**
State Bar No. PR20818
vlopez@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 North Dallas Parkway, Suite 900
Dallas, Texas 75254
Telephone: 214-635-2650
Facsimile: 214-635-2686

**ATTORNEYS FOR PLAINTIFF**